**\*\*NOT FOR PUBLICATION\*\***

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MARTIN HABER,<br><br>Plaintiff,<br><br>v.<br><br>NIKHIL S. AGHARKAR, ESQ., *et al.*,<br><br>Defendants. | Civil Action No.: 18-16121 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

**I.      INTRODUCTION**

This matter comes before the Court on defendants Nikhil S. Agharkar's ("Agharkar") and Bendit Weinstock, P.A.'s ("Bendit Weinstock," together with Agharkar, "Defendants") motion to dismiss the *pro se* plaintiff's amended complaint (the "Motion"). ECF No. 21.  For the reasons set forth below, the amended complaint fails to state a claim and must be dismissed.

**II.     BACKGROUND**

David Martin Haber ("Plaintiff") initially filed this action for legal malpractice arising out of a slip and fall accident in the Southern District of New York on July 11, 2018.  The court in the Southern District granted *in forma pauperis* status on July 17, 2018 (ECF No. 3), and on August 1, 2018 ordered Plaintiff to file an amended complaint providing further detail of the facts supporting his claims (ECF No. 4).  Plaintiff filed an amended complaint (the "Amended Complaint") on October 30, 2018 (ECF No. 7) and the court in the Southern District transferred this action to the

1

District of New Jersey on November 5, 2018 (ECF No. 8). After a delay in service, Defendants were served with the Amended Complaint in August 2019 (ECF No. 18) and filed the instant Motion on September 12, 2019 (ECF No. 21).

In his Amended Complaint Plaintiff alleges that he slipped on a wet platform at the Pennsauken train station and sustained serious injuries to his right knee, right wrist, and right hand on May 1, 2016. ECF No. 7 at 5. Plaintiff was referred by a New York law firm to attorney Agharkar on May 25, 2016 to pursue a civil lawsuit against New Jersey Transit ("NJ Transit"). Id. at 5–6. Plaintiff claims that Agharkar withdrew from representing Plaintiff without consent of the court on September 10, 2017 and that but for Agharkar's "negligent representation [he] would have won [his] underlying lawsuit." Id. at 6. After Agharkar declined to represent Plaintiff, Plaintiff filed suit against NJ Transit *pro se* in Camden County Superior Court on May 18, 2017, and his suit was dismissed with prejudice on May 25, 2018. ECF No. 21-5 at 3.

Defendants argue that Plaintiff has failed to state a claim and that the Amended Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Id. Specifically, Defendants contend that Plaintiff failed to state a claim for professional malpractice as Defendants had no obligation to seek leave of court to withdraw from representing Plaintiff because they had not yet filed a lawsuit on his behalf and there was no court to rule on such a request. Id. Defendants further contend they were not negligent in representing Plaintiff as they preserved Plaintiff's right to sue through the timely filing of a tort claim notice against NJ Transit. Id. Defendants also assert that they informed Plaintiff in the retainer agreement that they reserved the right to discontinue their representation after further investigation, they notified Plaintiff of their decision to withdraw fourteen months prior to the running of the relevant statute of limitations, and Plaintiff did in fact file a lawsuit

2

against NJ Transit for the May 1, 2016 accident that was dismissed with prejudice. Id. at 2–3. Plaintiff filed a two-page opposition to the Motion. ECF No. 24. Plaintiff provided no substantive argument in his opposition, but did attach various legal documents from this matter and printouts of websites discussing when an attorney can withdraw from a lawsuit. Id. Defendants filed a reply in support of the Motion reiterating that Plaintiff has failed to state a *prima facie* claim and asking for dismissal of the Amended Complaint. ECF No. 25.

### III. <u>LEGAL STANDARD</u>

#### A. Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District

3

Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotation marks omitted).

## IV.  DISCUSSION

The Court agrees with Defendants that the Amended Complaint fails to state a claim. Construing the Amended Complaint liberally,[1] the Court finds that Plaintiff is asserting a New Jersey state law professional malpractice claim against Defendants for their failure to represent him in a lawsuit against NJ Transit.  To state a claim for professional malpractice against an attorney under New Jersey law a Plaintiff must allege "the existence of an attorney-client relationship creating a duty of care upon the attorney, the breach of that duty, and proximate causation." *Gilles v. Wiley, Malehorn & Sirota*, 345 N.J. Super. 119, 125, (App. Div. 2001) (citing *Conklin v. Hannoch Weisman,* 145 N.J. 395, 416 (1996).  It is undisputed that Plaintiff and Defendants entered into an attorney-client relationship that was memorialized by the retainer agreement signed by the parties in the Spring of 2016.[2] ECF No. 21-5 at 4.  While the first element of a malpractice claim is thus present, the remaining two prongs of a malpractice claim are wholly absent here.  First, Plaintiff has not alleged any facts that can plausibly show that Defendants breached a duty to Plaintiff.  The retainer agreement between the parties explicitly stated that Defendants could terminate the attorney relationship with Plaintiff after further investigation of his claims, Defendants withdrew from the

---

[1] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation and quotations omitted) ("A document filed *pro se* is to be liberally construed, and a *pro* se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."
[2] The Court notes that the parties appear to disagree as the exact dates that certain events occurred, but these disagreements are not material to the issues presently before the Court and have no impact on the Court's analysis. *See* ECF No. 21-5 at 4–5 ns.1–3; id. at 6–7.

representation prior to making any appearance in a case or filing a lawsuit in any court, and Defendants took adequate steps to preserve Plaintiff's right to sue and ensure he could file a timely lawsuit. *See* id. at 13 ("[T]he retainer agreement signed by Plaintiff clearly provided for Defendants' ability to cease representation of Plaintiff after conducting a preliminary investigation. Plaintiff signed this contract and does not allege a breach of contract."); id. at 21–22 ("Defendants preserved Plaintiff's right to sue a public entity by timely filing a Tort Claims Notice.  It was because Defendants preserved Plaintiff's rights to sue NJ Jersey Transit that Plaintiff indeed did file a lawsuit against New Jersey Transit.").

Further, even assuming that Plaintiff has alleged a breach of a duty owed to him by Defendants, Plaintiff has not shown that the breach of duty proximately caused him harm.  To show that Defendants' withdrawal from representation proximately caused his alleged harm of $150,000, Plaintiff would have to allege that "but for" Defendants not representing him he would have recovered $150,000.  *See 2175 Lemoine Ave. Corp. v. Finco, Inc.*, 272 N.J. Super. 478, 487–88 (App. Div. 1994) ("The burden is on the client to show what injuries were suffered as a proximate consequence of the attorney's breach of duty. . . . That burden must be sustained by a preponderance of the competent, credible evidence and is not satisfied by mere conjecture, surmise or suspicion. . . . [T]he measure of damages is ordinarily the amount that a client would have received but for the attorney's negligence.").  Plaintiff has not pled any facts to show that he would have received any damages at all (let alone $150,000) absent Defendants' withdrawal of representation and therefore fails to satisfy the third prong of a professional malpractice claim.  Further, there is no need to hypothesize whether Plaintiff would have won $150,000 in a lawsuit against NJ Transit, because he did file suit and was not awarded any monetary damages. *See* ECF No. 23 at 26–27.  As Plaintiff has failed to allege any

facts to meet the second and third elements of a *prima facie* professional malpractice claim, the Amended Complaint must be dismissed.[3]

## V.     CONCLUSION

For the reasons stated above, the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint within thirty (30) days of entry of this Opinion that addresses the deficiencies identified in this Opinion.  An appropriate Order accompanies this Opinion.

**DATED:**  April 28, 2020

                                                                                    Claire C. Cecchi, U.S.D.J.

---

[3] The Court also notes that Defendants' withdrawal from representing Plaintiff comports with New Jersey Rule of Professional Conduct 1.16 as Defendants withdrew fourteen months before the statute of limitations on Plaintiff's claim ran and took affirmative steps to preserve Plaintiff's ability to sue NJ Transit. *See* ECF No. 21-5 at 18; *see also Gilles*, 345 N.J. Super. at 128–29 (Rule of Professional Conduct 1.16 permits "an attorney to terminate the representation if he can do so without material adverse effect on the client's right and with reasonable steps to protect the client's interest."). Additionally, New Jersey Court Rule 1:11-2, governing attorney withdrawal, is inapplicable here as Defendants withdrew from representing Plaintiff prior to any lawsuit having been filed.  Thus, there was no court in which Defendants could seek permission to withdraw or inform the court of the need for substitute counsel. *See* ECF No. 21-5 at 21–22.